```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

JOHN J. CUMMINGS,                  :
                                   :
     Plaintiff,                    :
                                   :
     v.                            :   CASE NO. 3:09CV1393(RNC)
                                   :
MORAN SHIPPING AGENCIES, INC.      :
ET AL.,                            :
                                   :
     Defendants.                   :
```

<u>RULING ON DISCOVERY MOTIONS</u>

Plaintiff, John J. Cummings ("Cummings"), brings this action against defendant Vando Shipping Company Ltd. ("Vando"). Cummings seeks damages for injuries sustained in 2007 when he became entangled in a mooring line while attempting to secure a shipping vessel operated by Vando at the Motiva Terminal where he worked. The plaintiff's employer, Motiva Enterprises, LLC ("Motiva"), joined the case as an intervening plaintiff. Vando filed a counterclaim against Motiva. Pending before the court are the Motion to Preclude Expert Testimony and Compel Discovery filed by Vando against Cummings, doc. #42, and the Motion to Compel Production filed by Vando against Motiva, doc. #55. Also pending is Vando's Motion for Extension of Time to complete discovery, doc. #58.[1]

---

[1] District Judge Robert N. Chatigny referred the motions to the undersigned. (Docs. #45 and #60.)

A.  Motion to Preclude Expert Testimony, doc. #42

During discovery, Cummings disclosed Patrick Duffy, M.D. as an expert witness (Vando's Aff., doc. #44, Ex. C) and submitted a report from Dr. Duffy that was prepared at the request of Cummings' counsel (Vando's Reply, doc. #53, Ex. C).  The report does not set forth certain information required under Fed. R. Civ. P. 26(a)(2)(B), namely, the exhibits Dr. Duffy will use to support his opinions; his qualifications including all publications authored in the previous ten years; all other cases in which he has testified during the previous four years; and a statement of compensation to be paid for his study and testimony in the case.  Cummings shall supplement Dr. Duffy's expert report to provide the required information on or before April 22, 2012.  Vando may depose Dr. Duffy on or before May 22, 2012.

B.  Motion to Compel Discovery against Cummings, doc. #42

Vando also contends that Cummings' responses to second production requests #1, 4 and 5 were deficient.  Vando sought documents pertaining to Cummings' 1998 personal injury lawsuit involving a motor vehicle accident, to any workers' compensation claims filed by Cummings in the past ten years and to a longshoreman's action pursued by Cummings after the 2007 incident.  (Vando's Reply, doc. #53, Ex. D, requests #1, 4-5.) Cummings objected to these requests as overly broad but produced some responsive documents nonetheless.  (Id.)

2

In his opposition to the motion, Cummings does not address overbreadth, nor can the court discern any basis for the objection.  With respect to the documents he did produce, Cummings contends that he has satisfied the procedural requirements by producing "all relevant information in his possession."  (Cummings' Mem., doc. #52 at 2.)  At oral argument, his counsel stated that Cummings is willing to provide written authorization for Vando to obtain any other responsive documents held by third parties.

Under Rule 34(a), a party is obligated to produce responsive items that are in his "possession, custody or control."  The word "control" means more than mere possession. "Control has been construed broadly by the courts as the legal right, authority, or practical ability to obtain the materials sought upon demand."  <u>In re Ski Train Fire of November 11, 2000 Kaprun Aus.</u>, No. MDL 1428, 2006 WL 1328259, at *5 (S.D.N.Y. May 16, 2006).  To the extent that Cummings is able to obtain responsive documents, he must produce them.

The motion is granted as to production requests #1, 4 and 5.  Cummings shall provide Vando with signed releases by March 30, 2012.  On or before April 22, 2012, Cummings either shall produce the responsive documents or, if after diligent efforts he is unable to obtain responsive materials, he shall provide the defendant with a sworn affidavit detailing his efforts.

3

C. <u>Motion to Compel Discovery against Motiva, doc. #55</u>

After Vando filed its counterclaim in August 2011, Motiva (as counter defendant) failed to make its Rule 26(a)(1) initial disclosures on the counterclaim. In October 2011, Vando served Second Requests for Production[2] on Motiva seeking information related to the operation of the Motiva Terminal, including documentation of safety practices and agreements with shipping companies and a subcontractor called Miller Marine. (Vando's Aff., doc. #57, Ex. A.) The parties agreed several times to extend the response deadline. In January 2012, concerned about the court's scheduling order, Vando indicated that it would not agree to any extension after February 3, 2012. (Motiva's Mem., doc. #63, Ex. 5.) On February 3, Motiva served written objections stating that the requests were overly broad, irrelevant and/or duplicative and cumulative. (<u>Id.</u>, Ex. 6.) Motiva did not provide responsive documents until March 1, the deadline for all discovery.

In its opposition to Vando's Motion to Compel, Motiva does not address overbreadth. Focusing on its other objections, Motiva argues, first, that it has no responsive documents to Request #12, which sought "[a]ll documents or data compilations that relate to Motiva's decision to subcontract out docking

---

[2] Vando's First Requests were made prior to the filing of its counterclaim.

4

operations to Miller Marine and/or relate to Miller Marine's agreement to provide docking services at the Motiva Terminal." Vando's Aff., doc. #57, Ex. A.)  In support of its Motion to Compel, Vando provides deposition testimony from former Motiva employee John McKenzie stating that Motiva used line handlers from Miller Marine, a third party.  (Vando's Aff., doc. #57, Ex. D.)  Motiva states flatly that it has no responsive documents because it did not subcontract docking operations to Miller Marine.  (Motiva's Opp., doc. #63 at 7.)  It does not clarify whether it had an agreement with Miller Marine in some other form.  Motiva's objection is overruled.  The motion to compel a response to Request for Production #12 is granted.

Motiva next argues that it previously produced documents that satisfy many of the requests at issue.  Specifically, Motiva states:

> documents responsive to Second Request No. 4 were previously produced in response to First Requests No. 12 and 13; documents responsive to Second Request No. 5 were previously produced in response to First Requests No. 12, 13, and 14; documents responsive to Second Request Nos. 6, 8, 9, 10, 11, and 13 were previously produced in response to First Requests Nos. 12, 13, 14, and 17; documents responsive to Second Request No. 7 were previously produced in response to First Request No. 13; and documents responsive to Second Request No. 14 were previously produced in response to First Request Nos. 1, 2, 10, 11, and 16.

(Motiva's Mem., doc. #63 at 8.)  Upon review, it appears that Second Request #7 (which relates to Motiva's procedures for safe

5

docking and line handling) is duplicative of First Request #13. (See Vando's Aff., doc. #57, Ex. A; Motiva's Mem., doc. #63, Ex. 1.)  As for the other requests at issue, despite some minimal overlap with the first set of requests, they are not duplicative or cumulative of prior requests.  Motiva's objection with respect to Second Request #7 is granted, and its other objections are denied.

Motiva also maintains that it provided all responsive documents on March 1.  Vando contends that the supplemental responses were not organized and labeled as required under Rule 34(b)(2)(E)(i),[3] which Motiva denies.  As of the date of oral argument, Vando had not completed its inspection of the March 1 documents in time to identify which responses might be deficient.  The court strongly encourages the parties to attempt to resolve this dispute without further judicial intervention. To the extent necessary, Motiva shall provide supplemental responses organized and labeled in compliance with the rule.

In summary, the Motion to Compel is granted as to Second Requests #1 to 6 and #8 to 14 and denied as to #7.  Motiva shall make its 26(a)(1) disclosures on or before April 6, 2012 and shall supplement its production on or before April 22, 2012.

---

[3] Fed. R. Civ. P. 34(b)(2)(E)(i) requires:  "A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."

D.   Motion for Extension of Time, doc. #58

In light of the foregoing, Cummings shall supplement Dr. Duffy's expert report on or before April 22, 2012.  Cummings shall provide Vando with signed releases by March 30, 2012 and produce its supplemental responses or an affidavit of good faith effort on or before April 22, 2012.  Vando may depose Cummings' Rule 30(b)(6) witnesses as well as witness Rick Voytek, expert witness Dr. Duffy and Motiva's expert on or before May 22, 2012. Cummings may depose Vando's experts on or before June 6, 2012.

Motiva shall make its Rule 26(a)(1) disclosures on or before April 6, 2012.  Motiva shall produce any supplemental responses on or before April 22, 2012.

Any further requests for additional time will be viewed with disfavor.

E.   Costs

Pursuant to Rule 37(a)(5), Vando requests attorney's fees and expenses incurred in connection with the filing of these motions.  At the conclusion of the case, upon application, the court will consider the amount of attorney's fees, if any, that should be awarded in connection with this motion.

SO ORDERED at Hartford, Connecticut this 23rd day of March, 2012.

```
            _____/s/_____
                       Donna F. Martinez
                       United States Magistrate Judge
```